UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HERMANN L. WILSON, ET AL.** | : | **DOCKET NO. 08-CV-1014** |
| **VS.** | : | **MAGISTRATE JUDGE KAY** |
| **PNK (LAKE CHARLES), L.L.C.** | : | |

**MEMORANDUM RULING**

Plaintiffs filed a Petition for Damages against the defendant, PNK (Lake Charles) L.L.C., doing business as L'Auberge du Lac Hotel & Casino (L'Auberge), on February 21, 2008, in the 14th Judicial District Court in Calcasieu Parish, Louisiana. Doc. 1, Att. 2. The petition alleged that defendant was responsible under theories of strict liability, presumption of negligence, ordinary negligence, and *res ipsa loquitor* for severe injuries alleged to have been suffered by plaintiff, Hermann Wilson, on March 16, 2007. Mr. Wilson was a patron of L'Auberge Du Lac Hotel and Casino, a facility owned by defendant, who was struck in the rear by a beverage cart being pushed by an employee of the defendant. Pearl Wilson, Hermann Wilson's wife, joined as plaintiff seeking recovery for her own damages suffered as a result of the injuries of plaintiff alleged to have been caused by defendant. Defendant removed the case to this court on July 15, 2008. Doc. 1.

This case was referred to the undersigned with consent of the parties to proceed before the Magistrate Judge. Doc. 11. Trial by jury began July 27, 2009. After close of evidence and final argument, the court submitted special interrogatories to the jury and, in answering the

1

special interrogatories, the jury found that defendant acted negligently but that defendant's negligent conduct did not cause Mr. Wilson's injuries. Doc. 41. The court entered judgment in favor of defendant. Doc. 42.

Currently before the court is plaintiffs' Motion for a New Trial. Doc. 43.

# I.

Upon the conclusion of a jury trial, Fed R. Civ. Proc. 59 empowers the trial court, on motion, to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Deciding whether to grant a new trial is a matter "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980).

The trial court may grant a new trial if it finds that the verdict is against the weight of the evidence. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). Even if substantial evidence supports the jury's verdict, the court may find that the weight of the evidence is against the verdict; however, the court cannot grant a new trial "simply because [the court] would have come to a different conclusion then the jury did." *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998) (internal quotations omitted).

Likewise, "[t]he fact that there was conflicting testimony regarding causation and damages is not grounds for a new trial." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). "Where the jury could have reached a number of different conclusions, all of which would have sufficient support based on the evidence, the jury's findings will be upheld." *Id.* The court views the evidence "in a light most favorable to the jury's verdict . . . and [the verdict] must be affirmed unless . . . the court believes that reasonable persons could not arrive at a contrary decision." *Id.* (citing *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir.

1989).

Furthermore, "a trier of facts need not accept the opinion testimony of expert witnesses, even though uncontradicted." *Griffin v. Missouri P.R. Co.*, 413 F.2d 9, 13 (5th Cir. 1969) (quoting *Boon Enterprises, Inc., v. Carstairs*, 312 F.2d 323 (5th Cir. 1963). *See also, United States v. Barton*, 992 F.2d 66, 69 (5th Cir. 1993). In evaluating expert testimony, jurors "have a right to use their own common sense and experience and to draw all reasonable inferences from the physical facts and occurrences." *Remington Arms Co. v. Wilkins*, 387 F.2d 48, 54 (5th Cir. 1967).

**II.**

In their petition, plaintiffs alleged that Mr. Wilson suffered severe and disabling injuries when, in the process of exiting the men's restroom, an employee of L'Auberge pushed a beverage cart into him (the "accident"). Doc. 1, Att. 2, p. 2. Plaintiffs alleged that the accident caused "low back pain, left hip pain, lumbar spasms, lumbar sprain/strain and a left hip contusion, with injury to his nervous system and mental stability and/or condition and/or aggravation of any pre-existing condition[.]" *Id.* at p. 3.

Plaintiffs challenge the jury's answer to Special Interrogatory Number 2 finding no causal connection between plaintiff's injuries and the negligence of defendants found in response to Special Interrogatory Number 1. Doc. 41. Specifically, plaintiffs argue that the jury's conclusion was not supported by the weight of the evidence where, (1) plaintiffs' medical expert, Dr. Kenneth G. Berliner, testified that the accident caused the injuries to plaintiff's low back; (2) that defendant's independent medical examiner, Dr. Barry A. Nelms, did exclude this incident as an aggravator of plaintiff's spondylothesis; and (3) that Dr. Nelms's expert report said that the accident "could have aggravated the preexisting [condition]." Doc. 43, Att. 1, pp. 4-5.

3

Substantial evidence was adduced at trial about a myriad of physical difficulties being experienced by Mr. Wilson.  Defendant did not argue at trial nor does it argue now that Mr. Wilson is not experiencing considerable difficulties.  It was argued by defendant at trial, to the apparent satisfaction of the jury, that Mr. Wilson's many debilitating problems were caused by something other than the incident that occurred February 21, 2008, at L'Auberge du Lac Hotel & Casino,

As noted by defendant in its opposition, Dr. Radhika Hariharan, plaintiff's family physician, testified by video deposition that an October 21, 2004, x-ray impression of Mr. Wilson's lumbar spine showed "Grade I spondylolithesis[.]"  This x-ray was taken more than two years before the accident.  Dr. Hariharan also testified that on May 24, 2007, two months after the accident, Mr. Wilson visited her and did not complain of any hip or back pain.  Dr. Hariharan's testimony is evidence upon which the jury could reasonably rely to conclude that the accident did not cause or contribute to Mr. Wilson's current maladies.

Additionally the jury observed the accident itself from video obtained from the defendant.  The jury observed Mr. Wilson entering into a hallway and shortly thereafter being stricken by the beverage cart.  From this video the jury was able to assess for itself the impact suffered, or not, by Mr. Wilson from the collision with the cart.

In short, we do not conclude, as plaintiffs argue we should, that plaintiffs' expert testimony was uncontroverted and even if it were, the jury was presented with evidence sufficient to allow them to use their common sense and draw inferences that would support their conclusion that the accident, though the fault of the defendant, was not the cause of Mr. Wilson's current ailments.  The testimony of the treating physician and the video of the incident provide sufficient basis for this court to conclude that the weight of the evidence in plaintiffs' favor is not

4

such that this jury's determination should be vacated and a new trial granted.

For the foregoing reasons, the court finds that the jury verdict was not against the weight of the evidence and DENIES plaintiffs' Motion for a New Trial.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 30th day of December, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE